IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DAWUD J. BEST,

Plaintiff,

v. CIVIL NO.: WDQ-13-2348

SAMUEL I. WHITE, P.C., *et al.*,

Defendants.

* * * * * * * * * * * * *

MEMORANDUM OPINION

Dawud J. Best, *pro se*, sued Samuel I. White, P.C. ("SIWPC") and Capital One, N.A. ("Capital One") for violating the Real Estate Settlement Procedures Act ("RESPA")[1] and the Maryland Consumer Debt Collection Act ("MCDCA").[2] ECF No. 1. Pending is the defendants' motion to dismiss. ECF No. 8. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the following reasons, the motion will be granted.

---

[1] 12 U.S.C. § 2601 *et seq.*

[2] Md. Code Ann., Com. Law § 14-201 *et seq.* (West 2010).

## I. Background[3]

On October 31, 2007, Best obtained a mortgage loan from Chevy Chase Bank, FSB ("Chevy Chase") and executed a promissory note (the "Note") for Chevy Chase's benefit. *See* ECF No. 1 ¶ 6. Capital One subsequently acquired Chevy Chase. *Id.* ¶ 7. Beginning in April 2010, Best sent letters to Capital One requesting that it send him a certified copy of the Note and allow him to inspect the original Note. *Id.* ¶¶ 8-9. Best allegedly sought to establish that Capital One was the holder or owner of the Note. *Id.* ¶ 8. Capital One responded to the letters by sending Best a non-certified copy of the Note; it ignored his request to inspect the original Note. *Id.* ¶ 10. Best then "ceased sending mortgage payments to Capital One." *Id.* ¶ 11.

On September 12, 2011, Capital One sent Best a "Notice of Intent to Foreclose" which stated that Best had to "pay $63,853.93 within 45 days or a foreclosure action may be filed." *Id.* ¶ 15. In October 2011, SIWPC sent Best a letter which

---

[3] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Matters of public record include state court records and filings. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006).

threatened to "'initiate foreclosure proceedings to foreclose on the mortgage on [his] property.'" *See id.* ¶ 16. However, in October 2011, Capital One had not yet appointed SIWPC as substitute trustee, and SIWPC knew that it was not the substitute trustee. *See id.* ¶¶ 17-18.

On September 24, 2012, SIWPC attorneys were appointed substitute trustees. *Id.* ¶ 19. On October 23, 2012, SIWPC "filed a foreclosure Order to Docket in the Prince George's County land records against the property."[4] *Id.* ¶ 20.

On January 7, 2013, Best again wrote to Capital One requesting a certified copy of the Note and an opportunity to inspect the original. *Id.* ¶ 21. He also said that he had entered a contract to sell the property and wanted to determine if Capital One was "the proper party to pay and could return the original Note upon satisfaction of the debt." *Id.* ¶ 21. On January 14, 2013, Capital One sent Best another non-certified copy of the Note and told him that the original Note was in a "secure location and would be mailed to [Best] when the account was paid in full." *Id.* ¶ 22. On February 3, 2013, Best again

---

[4] According to judicial records attached to the motion to dismiss, on February 6, 2013, Best filed a counterclaim in the foreclosure action asserting various violations of state law. *See* ECF No. 8-2. On May 21, 2013, the court dismissed the counterclaim as untimely. ECF No. 8-3. On July 15, 2013, Best appealed the dismissal of his counterclaim. ECF No. 8-6. In its motion, Capital One states that the state court has not yet entered an order of ratification of the foreclosure sale in the action. ECF No. 8-1 at 9.

wrote to Capital One to repeat his earlier requests and to state that Capital One's "possession of the Note pertains to its ability to service the Note." *Id.* ¶ 23. Capital One did not respond. *Id.* ¶ 24.

On August 12, 2013, Best filed suit alleging violations of the MCDCA (Count One) and RESPA (Count Two).[5] ECF No. 1. Count One alleged that SIWPC violated § 14-202(8)[6] of the MCDCA "by threatening to foreclose when it knew it had not been appointed substitute trustee and was without any legal right to foreclose."[7] *Id.* ¶ 27. Count Two asserted that Best's letters were "qualified written requests" ("QWR") under 12 U.S.C. § 2605(e)(1)(B). *Id.* ¶ 32. Best claimed that the defendants violated § 2605(e) of RESPA because--after receiving the QWRs--they: (1) "fail[ed] to make appropriate corrections" to his account; (2) "fail[ed] to take appropriate action within 30 days;" (3) "fail[ed] to conduct a reasonable investigation;" and (4) "provid[ed] information to" credit reporting agencies

---

[5] Best alleged that this Court has jurisdiction under 12 U.S.C. § 2614, which provides that "[a]ny action pursuant to" §§ 2605, 2607, or 2608 of RESPA "may be brought in the United States district court . . . for the district in which the property involved is located, or where the violation is alleged to have occurred." ECF No. 1 ¶ 2.

[6] Under § 14-202(8), debt collectors may not "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

[7] Best alleged that Capital One has *respondeat superior* liability for SIWPC's misconduct. ECF No. 1 ¶ 28.

"regarding delinquent payments owed by Plaintiff." *See id.* ¶¶ 33-36. He also asserted that their repeated failures to provide a certified copy of the Note--and to provide the same to other borrowers--was a "pattern or practice" of noncompliance. *Id.* ¶¶ 37-38.

On October 17, 2013, the defendants moved to dismiss the complaint. ECF No. 8. On November 4, 2013, Best opposed the motion. ECF No. 10. On November 21, 2013, the defendants replied. ECF No. 11.

## II. Analysis

### A. Legal Standard for Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim

advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. RESPA Claim

Capital One argues that Best's RESPA claim fails, because Best's letters did not qualify as QWRs.[8] *See* ECF No. 8-1 at 8.

---

[8] Capital One also argues that Best's claims are barred by *res judicata* because he asserted, or could have asserted, them in the state foreclosure action. *See* ECF No. 8-2 at 8-9. The preclusive effect of a state court judgment is determined by the law of the state that rendered the judgment. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). Under Maryland law, *res judicata* requires, *inter alia*, a final judgment on the merits. *See R & D 2001, LLC v. Rice*, 402 Md.

In response, Best contends that his "letters were related to Defendant Capital One's entitlement to *collect payments*," and thus were QWRs. ECF No. 10 at 3 (emphasis in original).

Section 2605(e) of RESPA requires a loan servicer to provide a written response acknowledging receipt within five days if the servicer receives a QWR from the borrower "for information relating to the *servicing*" of a loan.[9] § 2605(e)(1)(A) (emphasis added). Under RESPA, "servicing" means:

> [R]eceiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

---

648, 663, 938 A.2d 839, 848 (2008). Although Best has filed a notice of appeal of the state court's dismissal of his counterclaim, ECF Nos. 8-3, 8-4, Capital One acknowledges that the action is still ongoing as the court has not yet entered an "order of ratification" of the sale, *see* ECF No. 8-1 at 9. As Capital One has failed to show that there has been a final judgment in that action, *res judicata* is inapplicable. *See, e.g.*, *Chaires v. Chevy Chase Bank, F.S.B.*, 131 Md. App. 64, 77, 748 A.2d 34, 41 (2000) (noting that a "ratification of sale is *res judicata* as to the validity of the sale").

[9] After receipt of a QWR, the servicer is obliged to "issue the requested corrections or otherwise provide an explanatory response within [30] days of receipt of the request, excluding weekends and holidays." *Bradford v. HSBC Mortgage Corp.*, 1:09CV1226, 2010 WL 9067298, at *6 (E.D. Va. Sept. 20, 2010) (*citing* § 2605(e)(2)). If the QWR "relat[es] to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment . . . to any consumer reporting agency" for 60 days. § 2605(e)(3).

*Id.* § 2605(i)(3). Communications challenging the validity--not the servicing--of the loan, are not QWRs under RESPA. *See, e.g.*, *Minson v. CitiMortgage, Inc.*, No. DKC-12-2233, 2013 WL 2383658, at *4 (D. Md. May 29, 2013); *Reed v. PNC Mortg.*, No. AW-13-1536, 2013 WL 3364372, at *4 (D. Md. July 2, 2013).

Best alleges that his letters requested a certified copy of the Note and an opportunity to inspect the original note, so he could determine if Capital One "was entitled to collect his payment" and could return the Note at the end of the loan. *See* ECF No. 10 at 3-4. He does not allege that the letters requested information related to loan servicing, such as information about the receipt of periodic payments or the amounts of such payments. *See Minson*, 2013 WL 2383658, at *5. Best argues that his letters were QWRs because Capital One's possession of the Note relates to its entitlement to service the Note, as only a holder or owner can enforce the Note. *See* ECF No. 10 at 3. However, communications that seek to obtain proof of the servicer's authority to service the loan are not QWRs under RESPA. *See, e.g.*, *Minson*, 2013 WL 2383658, at *5 (communication that requested, *inter alia*, a certified copy of the promissory note for the mortgage loan was not a QWR) (*citing Bravo v. MERSCORP, Inc.*, No. 12-CV-884 ENV LB, 2013 WL 1652325,

at *3 (E.D.N.Y. Apr. 16, 2013)).[10] Accordingly, Best's letters are not valid QWRs, and Best has failed to state a violation of RESPA.

C. MCDCA Claim

Under 28 U.S.C. § 1367, the Court has discretion to "decline to exercise supplemental jurisdiction over a claim" when it "has dismissed all claims over which it has original jurisdiction." § 1367(c)(3); *see also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."). The Supreme Court has cautioned that district courts should avoid "[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966). Thus, district courts should not exercise supplemental jurisdiction when the federal claims are dismissed before trial, and the state claims are not closely tied to federal policy. *Ramsay v. Sawyer Prop. Mgmt. of*

---

[10] *See also, e.g.*, *Ward v. Sec. Atl. Mortgage Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 574-75 (E.D.N.C. 2012), appeal dismissed (May 30, 2012) (dismissing RESPA claim when "[t]here are no allegations in the amended complaint regarding irregularities in BAC's servicing of the loan and the notice does not identify purported errors with Plaintiffs' account or ask questions relating to BAC's servicing thereof").

*Maryland, LLC*, 948 F. Supp. 2d 525, 536-37 (D. Md. 2013) (*citing id.* at 726-27).

The Court will dismiss Best's only federal claim.[11] *See supra* Section II.B. Although Best's RESPA and MCDCA claims are based on the same facts, the Court's resolution of the RESPA claim would not dictate its resolution of the MCDCA claim. *See* ECF No. 1 at 4-6. Best's MCDCA claim involves construction of a Maryland statute and application of Maryland law, and should be resolved by a Maryland court. *See, e.g.*, *Ramsay*, 948 F. Supp. 2d at 536-37 (declining to exercise supplemental jurisdiction over MCDCA claim after dismissing plaintiff's claim under the federal Fair Debt Collection Practices Act); *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 784 (E.D.N.C. 2011). Accordingly, the Court will decline to exercise supplemental jurisdiction over Best's MCDCA claim, and it will be dismissed without prejudice.

---

[11] Best only asserts that the Court has jurisdiction over his complaint because of his RESPA claim; he does not allege any other basis of jurisdiction, such as diversity of citizenship. *See* ECF No. 1 ¶ 2; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) ("It is to be presumed that a cause lies outside [the federal courts'] limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal citations omitted)).

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted.

6/6/14
Date

William D. Quarles, Jr.
United States District Judge