IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DAWUD J. BEST,                *

    Plaintiff,         *

        v.              *       CIVIL NO.: WDQ-13-2348

SAMUEL I. WHITE, P.C.,        *
    et al.,

    Defendants.        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Dawud J. Best, *pro se*, sued Samuel I. White, P.C. ("SIWPC") and Capital One, N.A. ("Capital One") (together, the "Defendants"), for violating the Real Estate Settlement Procedures Act ("RESPA")[1] and the Maryland Consumer Debt Collection Act ("MCDCA").[2]  ECF No. 1.  Pending is Best's motion for reconsideration.  ECF No. 14.  No hearing is necessary. Local Rule 105.6 (D. Md. 2014).  For the following reasons, the motion will be denied.

I.   Background

On October 31, 2007, Best obtained a mortgage loan from Chevy Chase Bank, FSB ("Chevy Chase") and executed a promissory note (the "Note") for Chevy Chase's benefit.  See ECF No. 1 ¶ 6.

---

[1] 12 U.S.C. § 2601 *et seq.* (2012).

[2] Md. Code Ann., Com. Law § 14-201 *et seq.* (West 2010).

Capital One subsequently acquired Chevy Chase. *Id.* ¶ 7. Beginning in April 2010, Best sent letters to Capital One requesting that it send him a certified copy of the Note and allow him to inspect the original Note. *Id.* ¶¶ 8-9. Best allegedly sought to establish that Capital One was the holder or owner of the Note. *Id.* ¶ 8. Capital One responded to the letters by sending Best a non-certified copy of the Note; it ignored his request to inspect the original Note. *Id.* ¶ 10. Best then "ceased sending mortgage payments to Capital One." *Id.* ¶ 11.

On September 12, 2011, Capital One sent Best a "Notice of Intent to Foreclose" which stated that Best had to "pay $63,853.93 within 45 days or a foreclosure action may be filed." *Id.* ¶ 15. On September 24, 2012, Capital One appointed SIWPC attorneys as substitute trustees. *Id.* ¶ 19. On October 23, 2012, SIWPC "filed a foreclosure Order to Docket in the Prince George's County land records against the property." *Id.* ¶ 20.

On January 7, 2013, Best again wrote to Capital One requesting a certified copy of the Note and an opportunity to inspect the original. *Id.* ¶ 21. He also said that he had entered a contract to sell the property and wanted to determine if Capital One was "the proper party to pay and could return the original Note upon satisfaction of the debt." *Id.* ¶ 21. On January 14, 2013, Capital One sent Best another non-certified

copy of the Note and told him that the original Note was in a "secure location and would be mailed to [Best] when the account was paid in full." *Id.* ¶ 22. On February 3, 2013, Best wrote to Capital One to repeat his earlier requests and to state that Capital One's "possession of the Note pertains to its ability to service the Note." *Id.* ¶ 23. Capital One did not respond. *Id.* ¶ 24.

On August 12, 2013, Best filed suit alleging violations of the MCDCA (Count One) and RESPA (Count Two). ECF No. 1. Relevant here, Count Two asserted that Best's letters were "qualified written requests" ("QWRs") under 12 U.S.C. § 2605(e)(1)(B). *Id.* ¶ 32. Best contended that the defendants violated § 2605(e) of RESPA because--after receiving the QWRs--they: (1) "fail[ed] to make appropriate corrections" to his account; (2) "fail[ed] to take appropriate action within 30 days;" (3) "fail[ed] to conduct a reasonable investigation;" and (4) "provid[ed] information to" credit reporting agencies "regarding delinquent payments owed by Plaintiff." *See id.* ¶¶ 33-36.

On June 6, 2014, the Court dismissed Count Two with prejudice. ECF Nos. 12, 13. The Court concluded that Best's RESPA claim failed because his letters were not QWRs. ECF No. 12 at 9. Section 2605(e) of RESPA requires a loan servicer to provide a written response acknowledging receipt within five

days if the servicer receives a QWR from the borrower "for information relating to the *servicing*" of a loan. § 2605(e)(1)(A) (emphasis added).[3] Best had alleged that his letters requested a certified copy of the Note so he could determine whether Capital One "was entitled to collect his payment" and could return the Note at the end of the loan, *see* ECF Nos. 10 at 3-4; 12 at 8. Because communications that seek to obtain proof of the servicer's authority to service the loan are not QWRs under RESPA, the Court concluded that Best's letters were not valid QWRs. ECF No. 12 at 8-9.

On July 7, 2014, Best moved for reconsideration of the Court's dismissal of Count Two. ECF No. 14. On July 23, 2014, the Defendants opposed the motion. ECF No. 15.

---

[3] Under RESPA, "servicing" means:

> [R]eceiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

*Id.* § 2605(i)(3). After receipt of a QWR, the servicer is obliged to "issue the requested corrections or otherwise provide an explanatory response within [30] days of receipt of the request, excluding weekends and holidays." *Bradford v. HSBC Mortgage Corp.*, 1:09CV1226, 2010 WL 9067298, at *6 (E.D. Va. Sept. 20, 2010) (*citing* § 2605(e)(2)).

II.  Analysis

   A.   Standard of Review

   The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Auto Services Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008).[4]  A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60. *See* Fed. R. Civ. P. 59(e), 60.[5]  A "judgment" is "a decree and any order from which an appeal lies." *Auto Servs. Co.*, 537 F.3d at 856 (*quoting* Fed. R. Civ. P. 54(a)) (internal quotation marks omitted).  A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).  Because this Court's June 6, 2014 Order was a judgment, and Best filed his motion for reconsideration more than 28 days after the Order was issued, Rule 60 governs.

---

[4] *But see* Local Rule 105.10 (D. Md. 2014) ("Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider issued by the Court shall be filed with the clerk not later than fourteen (14) days after entry of the order.").

[5] Generally, interlocutory orders are subject to modification "prior to the entry of a final judgment adjudicating the claims to which they pertain." *Williams v. Cnty. of Westchester*, 171 F.3d 98, 102 (2d Cir. 1999); Fed. R. Civ. P. 54(b).

II.  Analysis

   A.   Standard of Review

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Auto Services Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008).[4]  A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60. *See* Fed. R. Civ. P. 59(e), 60.[5]  A "judgment" is "a decree and any order from which an appeal lies." *Auto Servs. Co.*, 537 F.3d at 856 (*quoting* Fed. R. Civ. P. 54(a)) (internal quotation marks omitted).  A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).  Because this Court's June 6, 2014 Order was a judgment, and Best filed his motion for reconsideration more than 28 days after the Order was issued, Rule 60 governs.

---

[4] *But see* Local Rule 105.10 (D. Md. 2014) ("Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider issued by the Court shall be filed with the clerk not later than fourteen (14) days after entry of the order.").

[5] Generally, interlocutory orders are subject to modification "prior to the entry of a final judgment adjudicating the claims to which they pertain." *Williams v. Cnty. of Westchester*, 171 F.3d 98, 102 (2d Cir. 1999); Fed. R. Civ. P. 54(b).

Under Rule 60(b), a party may seek relief from a final judgment or order by showing "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Associates, Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).[6] After crossing this "initial threshold," the movant must also show at least one ground for relief listed in Rule 60(b)'s six subsections: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge; or (6) any other reason justifying relief. *Dowell*, 993 F.2d at 48; Fed. R. Civ. P. 60(b). However, when a Rule 60(b) "motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002) *aff'd*, 86 F. App'x. 665 (4th Cir. 2004) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).

---

[6] Movants must cross this initial threshold because "a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell*, 993 F.2d at 48 (*citing Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

B.  Best's Motion

Best contends that the Court erred in finding that his letters were not valid QWRs.  ECF No. 14 at 1-2.  The Defendants contend that Best has not met any of the Rule 60(b) grounds for reconsideration, and "cannot now change his allegations . . . in an attempt to revive his claim."  ECF No. 15 at 2.

Best has not addressed the threshold requirements of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances, nor has he specified which Rule 60(b) provision applies.  The Court finds that Best's motion fails.  *See Dowell*, 993 F.2d at 48 ("Without addressing whether Dowell has satisfied the threshold requirements of Rule 60(b), we proceed to the merits . . . .").  Best's motion for reconsideration repeats the argument he raised in opposition to the Defendants' motion to dismiss--that alone is grounds to deny his motion.[7]  *Compare* ECF No. 14 at 2 (arguing that his requests "sought information to determine [if] Capital One was a 'holder' of the [Note] and entitled to receive scheduled periodic payments from him"), *and* ECF No. 10 at 3 (arguing that his "letters were related to Defendant Capital One's entitlement to collect payments").

Although Best asserts that, "[a]xiomatically," his letters sought "information relating to the collection of his payments,"

---

[7] *See Medlock*, 336 F. Supp. 2d at 470.

7

ECF No. 14 at 1, he cannot recast his allegations as inquiries into "servicing" of the loan as defined by RESPA, *see supra* note 3. His complaint alleged that his letters sought proof that Capital One held the Note and was entitled to receive payment; he did not allege that the letters requested information about the receipt of periodic payments or the amounts of such payments. *See, e.g.*, ECF No. 1 ¶ 8 ("Mr. Best requested documentation establishing that Capital One was the . . . 'holder' or current owner of the Note."). The Court rejected Best's argument once before; it does so again. *See Minson*, 2013 WL 2383658, at *5 (communication that requested, *inter alia*, a certified copy of the promissory note for the mortgage loan was not a QWR) (*citing Bravo v. MERSCORP, Inc.*, No. 12-CV-884 ENV LB, 2013 WL 1652325, at *3 (E.D.N.Y. Apr. 16, 2013)).[8]

III. Conclusion

For the reasons stated above, Best's motion for reconsideration will be denied.

_____       _____
2/24/15                         William D. Quarles, Jr.
Date                            United States District Judge

---

[8] *See also, e.g., Ward v. Sec. Atl. Mortgage Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 574-75 (E.D.N.C. 2012), appeal dismissed (May 30, 2012) (dismissing RESPA claim when the amended complaint lacked allegations about irregularities in loan servicing and "the notice does not identify purported errors with Plaintiffs' account or ask questions relating to BAC's servicing thereof").